JACOB WEBER, executor of Susanna Fritz, deceased,

*v.*

SUSANNA WALDECK et al.

[Decided April 13th, 1906.]

Testatrix, by her will, devised and bequeathed, to persons named, both real and personal property, to be divided among them in unequal shares. She then provided that such shares should not be paid until the respective donees should become of age, but in the meantime should be deposited in some bank or institution, on interest, and that her executor was "not to be prevented" from applying any share, during the minority of the donee, to his or her support and maintenance, if the executor deems it fit and proper so to do. She then empowered her executor to sell and dispose of her estate "as the law may require" him to do.—*Held*, (1) that the executor was thereby empowered to make sale of the real estate of testatrix, and to divide the aggregate sum of its proceeds, and the undisposed of personal estate, into the shares designated by testatrix, to pay the share of any owner, of age, to him or her, and to retain the share of any donee not yet of age; (2) that as to the share of any minor, the executor is to hold the same as a trustee, and to deposit the same so as to draw interest, with the implied power to use the share for the support and maintenance of the minor, if he adjudges it proper to do so.

On bill taken *pro confesso* and proofs in support of its allegations.

*Mr. Thomas L. Raymond,* for the complainant.

MAGIE, CHANCELLOR.

The bill of complaint is filed to obtain the direction of the court with respect to his powers and duties under the will of his testatrix, Susanna Fritz.

The defendants are the beneficiaries under the will of said Susanna Fritz. They have not appeared or answered the bill. Under a rule for proofs, testimony has been taken, and the complainant now seeks the relief which he asks by his bill.

The relief sought compels the construction of the said will.

By that will, after directing the payment of debts and funeral expenses, and a bequest to the executor in trust for the keeping and maintenance of the cemetery lot of testatrix, she proceeds, by the third paragraph, to dispose of her property in the following language:

"*Third.* I give, devise and bequeath all my remainder property, be the same real or personal estate of which I may be possessed off at the time of my decease, and whatever it may be or situated, to the following named persons, and to be divited to them as hereinafter mentioned: To Susanna Waldeck, daughter of my sister, or to her children; Anna Buck, daughter of John Buck; Caspar Volk, Jr., son of Caspar Volk, Sr.; Magdalena Weber, Susanna Weber, Jacob Weber, Christine Weber, Catharine Volk, Elisabeth Volk, or their children, and Christina Felger, or to her children, and be divited as follows: Said Susanna Waldeck, Anna Buck and and Caspar Volk, Jr., shall each of them receive two parts, and the remainder persons named in this will shall each of them receive one part, that is to say, my estate be divited into into thirteen parts, and Magdalena Weber, Susanna Weber, Jacob Weber, Christina Weber, Catharine Volk, Elisabeth Volk, Christina Felger, shall each of them be entitled to one part, and the rest six parts be divited among the first named three persons; and I do further order, and it is my will, that in case one of the foregoing named persons shall die, without leaving any children, then his or her part be given to the remainder persons in proporsione, and if such persons shall leave children at his death then such children shall be entitled to their parants share.

"And I do further order, and it is my will, that the legacys given to the foregoing named persons, be given to them when they shall become of age, the same to be saved and deposit on bank or other institution on interests, but nothing in this will be considered so as to prevent my executor to use such part of legacy as he shall seem fit and proper, in case of neccessity, for the support and maintainance of any such persons during their minority."

Afterwards she provides as follows:

.    "*Lastely*:—I hereby appoint and nominate my friend, Jacob Weber, executor of this my last will and testament, and in case of his dead I nominate William Buck on his place, as such executor, both of them shall have full power to sell and dispose my estate as the law may require them to do."

Of the two questions submitted, that ought first to be considered which relates to the power of the executor under this will to sell and dispose of the real estate of the deceased. On that question there is, in my judgment, no possible doubt. While by

the third paragraph, above quoted, testatrix appears to devise and bequeath both real and personal property to certain persons, she directs the aggregate sum of both real and personal property to be divided among them in certain irregular portions, and thereby mingles together both real and personal property to be divided by some person. Testatrix then proceeds to provide that the *legacies* (evidently meaning the shares in the aggregation of real and personal property) *given* to those persons shall not be given to them until they become of age, and that in the meantime they shall be preserved and deposited in some bank or other institution, on interest, with an implied provision that the executor may use legacies thus given, in case of necessity, for the support and maintenance of any of the beneficiaries during their minority. There is thus plainly indicated an intent that the executor shall make the division provided for, and shall retain the shares of the beneficiaries not yet of age until they become of age, with the implied provision that the executor may make use of the share of any minor for support and maintenance if he deems it fit and proper. When, therefore, the testatrix proceeds to give express power to the executor or his successor to sell and dispose of her estate "as the law may require them to do," I think that there is a plain gift of a power of sale of real as well as personal property, because, under the provision respecting the division of the proceeds, and the use of the shares of minors for their support and maintenance in the judgment of the executor, such sale is what the law would require the executor to make.

The other question relates to the power and duty of the executor respecting shares which, under the provisions of the will, are not now payable to the beneficiaries. With respect to the shares the beneficiaries of which are minors, it seems to me obvious that the testatrix has conferred the powers and imposed the duties of a trustee upon the executor. He is to deposit the shares in some banking institution selected by him, and, by implication from the direction that he is not "to be prevented," he is empowered to apply such parts of the shares as to him seems proper to their support and maintenance. This is a trust imposed on the executor which he must perform.

A decree will be made in conformity with this opinion.